**RECORD NO. 13-4166**

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BRANDON LEE CAUDLE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE  WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT
BRANDON LEE CAUDLE**

Matthew C. Joseph
LAW OFFICE OF NORMAN BUTLER
725 East Trade Street
Suite 100, Court Arcade Building
Charlotte, North Carolina 28202
(704) 335-8686
butlerlawoffice@aol.com

*Counsel for Appellant*

May 29, 2013

# TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES ............................................................. ii

STATEMENT OF SUBJECT MATTER JURISDICTION
AND APPELLATE JURISDICTION ......................................................1

STATEMENT OF THE ISSUES........................................................2

STATEMENT OF THE CASE............................................................3

STATEMENT OF FACTS ................................................................5

SUMMARY OF ARGUMENT ..........................................................7

ARGUMENT ................................................................................9

I.     WHETHER THE GOVERNMENT PROVED BY A PREPONDERANCE
       OF THE EVIDENCE THAT THE DEFENDANT-APPELLANT
       VIOLATED THE TERMS OF SUPERVISED RELEASE...........................9

              STANDARD OF REVIEW ......................................................9

              DISCUSSION OF THE ISSUES................................................9

II.    WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY
       REVOKING THE DEFENDANT-APPELLANT'S TERM OF
       SUPERVISED RELEASE ...........................................................15

              STANDARD OF REVIEW ....................................................15

              DISCUSSION OF THE ISSUES..............................................15

CONCLUSION...........................................................................17

CERTIFICATE OF COMPLIANCE....................................................18

CERTIFICATE OF SERVICES .........................................................19

# <u>TABLE OF CASES AND AUTHORITIES</u>

<u>Page</u>

**CASES**

<u>U.S. v. Johnson</u>, 374 Fed. Appx. 434 (4th Cir. 2010) .........................................9, 15


**STATUTES**

18 U.S.C. § 371.......................................................................................3

18 U.S.C. § 1028(A)(a)(1) .....................................................................3

18 U.S.C. § 1344.....................................................................................3

18 U.S.C. § 1708.....................................................................................3

18 U.S.C. § 3231.....................................................................................1

28 U.S.C.  § 1291....................................................................................1

U.S.S.G. § 7B1.3(a)(2)..........................................................................15

**RULES**

Rule 3(a) of the Federal Rules of Appellant Procedure............................................1

## STATEMENT OF SUBJECT MATTER JURISDICTION
## AND APPELLATE JURISDICTION

This is an appeal from a sentence imposed on January 30, 2013 by United States District Court Judge Robert J. Conrad Jr. after revocation of Supervised Release in the United States District Court for the Western District of North Carolina, Charlotte Division.  This Court has jurisdiction pursuant to 28 U.S.C.  § 1291 over this direct appeal of a final judgment in a criminal case. The district court had jurisdiction over the case pursuant to 18 U.S.C. § 3231.  Pursuant to Rule 3(a) of the Federal Rules of Appellant Procedure this appeal was taken as a matter of right by filing a timely notice of appeal with the district court clerk.

## STATEMENT OF THE ISSUES

I.   WHETHER THE GOVERNMENT PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT-APPELLANT VIOLATED THE TERMS OF SUPERVISED RELEASE.


II.  WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY REVOKING THE DEFENDANT-APPELLANT'S TERM OF SUPERVISED RELEASE.

## STATEMENT OF THE CASE

On March 8, 2007, the Defendant-Appellant, Brandon Lee Caudle, was convicted on Count 1 of Conspiracy to Defraud the U.S. by Uttering Counterfeit and Forged Securities in violation of 18 U.S.C. § 371, on Count 7 of Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A)(a)(1), on Count 10 of Bank Fraud in violation of 18 U.S.C. § 1344 and on count 11 of Theft or Receipt of Stolen Mail Matter in violation of 18 U.S.C. § 1708. The Defendant-Appellant was sentenced on Counts 1, 10 and 11 to 24 months to run concurrently and on Count 7 to 24 months to run consecutively for a total active sentence of 48 months plus 5 years of supervised release.

The Defendant-Appellant was alleged to have violated six conditions of supervised release on October 10, 2012. Violation number one alleged that the Defendant-Appellant failed to report a change in his residence Violation number two alleged that the Defendant-Appellant failed to report to a change in employment. Violation number three alleged that the Defendant-Appellant failed to comply with mental health treatment requirements. Violation number four alleged that the Defendant-Appellant committed a new law violation. Violation number five alleged that the Defendant-Appellant failed to comply with the

residential re-entry center regulations. Violation number six alleged that the Defendant-Appellant failed to follow the instructions of his probation officer. All the alleged violations are Grade C violations.

The Defendant-Appellant had a hearing on all the alleged violations on January 30, 2013 before the Honorable United States District Court Judge Robert J. Conrad Jr. After the hearing, Judge Conrad found the Defendant-Appellant to be in violation of the conditions of supervised release on violations number one and number six. Judge Conrad revoked the Defendant-Appellant's term of supervised release and sentenced Defendant-Appellant to a term of imprisonment of 11 months.

The Defendant-Appellant filed a pro-se written notice of appeal with the district clerk on March 1, 2013.

## STATEMENT OF FACTS

The Defendant-Appellant Brandon Lee Caudle's term of supervised release began on September 11, 2012. He was assigned to Probation Officer Christopher Barber in the Western District of North Carolina. (J.A. 32). While still in the custody of the Bureau of Prisons, the Defendant-Appellant met with Officer Barber on July 24, 2012 to review his judgment and commitment. At that time, the Defendant-Appellant was residing at the McLeod Center, a halfway house in Charlotte North Carolina. (J.A. 35). While at the McLeod Center, the Defendant-Appellant secured employment at D&D Lawn Care. (J.A. 41).

On September 11, 2012 the Defendant-Appellant was released from the McLeod Center and moved into a residence at 7400 Michael Drive located in Charlotte North Carolina. (J.A. 39). The Defendant-Appellant resided at that residence with Devondray Barnes. (J.A. 41). The living arrangement was that they both would split the rent. (J.A. 45). While at the residence, Officer Barber requested that the Defendant-Appellant provide him with his landlords contact information so that he could verify that he in fact resided there. (J.A. 40) The Defendant-Appellant told Officer Barber that he would provide him the contact information when he was able to get it from Mr. Barnes. ( J.A. 89). Officer Barber did not receive the landlords contact information. (J.A. 40).

Officer Barber also requested the Defendant-Appellant to provide him with the contact information for D&D Lawn Care to verify employment. The Defendant-Appellant provided the name of the company, his supervisor's first name and a telephone number. (J.A. 42-43). Although the telephone number was incorrect, Officer Barber was able to obtain the correct information and verify the Defendant-Appellant's employment. (J.A. 43-44).

On October 3, 2012, there was an alleged incident between the Defendant-Appellant and Mr. Barnes. As a result of the incident, the Defendant-Appellant left the residence. All of the Defendant-Appellant's belongings remained at the residence. (J.A. 47-48). The Defendant-Appellant stayed with his boyfriend until October 9th. The Defendant-Appellant spoke to Officer Barber on October 9th. He indicated to him that he still resided at 7400 Michael Drive since all of his belongings remained there. (J.A. 50). Later that day, the Defendant-Appellant sent Officer Barber an email with his new address at 435 Woodvale Place located in Charlotte North Carolina. (J.A. 63 & 88). The next day, Officer Barber filed a petition for the violation report. The Defendant-Appellant was arrested on October 16, 2012 on the petition and remained in custody.

## SUMMARY OF THE ARGUMENT

The Defendant-Appellant contends that there was insufficient evidence for the District Court to find by a preponderance of evidence that he committed violation number one in the Petition for Warrant for Offender Under Supervision.

The Defendant-Appellant did not change residence on October 3, 2012 after he left 7400 Michael Drive in Charlotte, North Carolina. All of the Defendant-Appellant's belongings remained at that residence. The Defendant-Appellant did not officially change residence until October 9, 2012. The Defendant-Appellant notified Officer Barber via email of the new address on October 9, 2012. The Defendant-Appellant complied with conditions of supervised release by notifying Officer Barber within the 72 hours of a change of residence.

The Defendant-Appellant contends that there was insufficient evidence for the District Court to find by a preponderance of evidence that he committed violation number six in the report Petition for Warrant for Offender Under Supervision.

The Defendant Appellant provided Officer Barber with as much information as he could, he did not have the contact information for his landlord and had to rely

on his roommate Devondray Barnes who never gave him the information. The Defendant-Appellant provided Officer Barber with information on his employer, D & D Lawn Care. Officer Barber was able to verify employment based on the information received from the Defendant-Appellant.

The Defendant-Appellant contends that the district court abused its discretion by revoking his term of supervised release. If this Court determines that the Defendant-Appellant was in violation of conditions of supervised release the violations were minor and did not warrant supervised release being revoked.

# ARGUMENT

**I.    WHETHER THE GOVERNMENT PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT-APPELLANT VIOLATED THE TERMS OF SUPERVISED RELEASE.**

**Standard of Review**

The Fourth Circuit Court of Appeals reviews the district courts finding that a defendant violated a condition of supervised release for clear error. . .” <u>U.S. v. Johnson</u>, 374 Fed. Appx. 434 (4th Cir. 2010)

**<u>Violation one</u>**

The Defendant-Appellant contends that there was insufficient evidence for the District Court to find by a preponderance of evidence that he committed violation number one in the petition.  As alleged in the petition for warrant for offender under supervision, violation number one states “[f]ailure to report change in residence.”  Specifically, the Petition alleged that the Defendant-Appellant “failed to notify his probation officer within 72 hours of his change in residence, and his whereabouts …[were]…unknown” (J.A. 117-126).  This alleged violation is a grade C.

Chris Barber, the U.S. Probation Officer that supervised the Defendant-Appellant, testified during the hearing that sometime after September 11, 2012 the Defendant-Appellant moved into an approved residence at 7400 Michael Drive in Charlotte North Carolina with a roommate named Devondray Barnes. (J.A. 41). There was conflicting testimony as to the actual relationship between the Defendant-Appellant and Mr. Barnes.  Based on the conversation Officer Barber had with Mr. Barnes, the Defendant-Appellant and Mr. Barnes dated and he allowed him to reside with him. (J.A. 47).  On October 3, 2012 there was an alleged incident between Mr. Barnes and the Defendant-Appellant. (J.A. 47)  As a result of the incident, the Defendant-Appellant left the residence but did not take his belongings. (J.A.48). The Defendant-Appellant then went to his actual boyfriend's house after this incident and remained there until October 9th when he established a new residence. (J.A. 101-102).  Officer Barber testified that he was not aware of where the Defendant-Appellant resided after October 3rd.  According to Officer's Barber testimony, he had no contact with the Defendant-Appellant until October the 9th.  (J.A. 50-51).

Based on the testimony, the Court found that the Defendant-Appellant committed violation number one because, "there was no communication between Mr. Caudle and Mr. Barber on October 3rd and the earliest as October 8th." (J.A. 103).  The Court went on to say, "Mr. Caudle indicates that he never vacated the

10

residence, but I believe the clear evidence is that there was an altercation on the 3rd. Mr. Caudle ceased living at that residence on that date, and there was no communication or notification to Mr. Barber within 72 hours, and that is a violation that has been clearly established." (J.A. 104).

The Defendant-Appellant contends that the reason there was no communication between him and Officer Barber was because he hadn't officially changed residences. Officer Barber testified that the Defendant-Appellant told him that although he hadn't slept at 7400 Michael Drive since the incident, he actually still resided there since all of his belongings were still there. The Defendant-Appellant had not established a new residence. (J.A. 51). The Defendant-Appellant was told by Officer Barber not to go back to that residence. (J.A. 60). Although the Defendant-Appellant was at his boyfriend's residence for a few days, he had no intention of residing with his boyfriend. (J.A. 103). The Defendant was only required to notify Officer within 72 hours of a change in residence. Once he established a new residence on October 9th, he provided that address to Officer Barber within 72 hours. There was insufficient evidence for the District Court to find by a preponderance of evidence that he committed violation number one in the report.

**Violation six**

The Defendant-Appellant contends that there was insufficient evidence for the District Court to find by a preponderance of evidence that he committed violation number six in the report.  As alleged in the petition for warrant for offender under supervision, violation number six states "[f]ailure to follow instructions."  It alleges that the Defendant-Appellant violated the condition of supervision by not providing his landlord's and employer's contact information to his probation officer as requested. This alleged violation is a grade C.

Officer Barber testified that the Defendant-Appellant never gave him the contact information for his landlord and he never received a copy of the lease in order to verify the information.  (J.A. 40)  Officer Barber also testified that the Defendant-Appellant never provided the address and phone number for his employer (J.A. 42-43). The Defendant-Appellant did however provide Officer Barber with the name of the company and the first name of the lady he was working for.  (J.A. 42).  Based on the information he provided, Officer Barber was able to locate and confirm that the Defendant-Appellant did work for D&D Lawn Care for at least one week.  (J.A. 44).  Despite Officer Barber verifying the Defendant-Appellants employment, the Court found that he committed violation number six.

The Court stated, "with respect to violation No. 6, Mr. Caudle clearly fell short of the requirements of the terms and conditions of supervised release in providing information concerning his landlord and his employer information." Officer Barber "was in a position of running down that information by himself without the assistance of Mr. Caudle, and that was a clear violation of the terms of release." (J.A. 104).

The Defendant-Appellant contends that he did assist Officer Barber by providing as much information as he could. The Defendant-Appellant testified that in an email dated September 20, 2012 (Defense exhibit) he told Officer Barber that he would provide him with his landlord's information whenever he got the information from his roommate. (J.A. 89). The Defendant-Appellant stated that he had only met the landlord once; that his roommate dealt with her, and he didn't have the contact information himself to provide to Officer Barber. (J.A. 89). The Defendant-Appellant had to rely on his roommate to provide the information to Officer Barber. He didn't just ignore Officers Barber's request for the information. Officer Barber even requested the lease information directly from Mr. Barnes and he never provided it to him either. (J.A. 67). The fact that Officer Barber never got the contact information of the landlord was not the result of an intentional or purposeful act of the Defendant-Appellant.

Additionally, the Defendant-Appellant secured the job at D&D Lawn Care while he was still at the McLeod Center prior to being supervised by Officer Barber. The employment information for D&D Lawn Care was provided to the McLeod Center and was on their report that was submitted in court during the Supervised Release violation hearing. (J.A. 64-65). Officer Barber had access to that information. Furthermore, Officer Barber was able to verify the Defendant-Appellant's employment based on the information he provided. If the Defendant-Appellant did not provide the name of his employer, it would have been impossible for him to verify his employment. Defendant-Appellant contends that the government failed to prove by a preponderance of evidence that he committed violation number six in the report.

## II.    WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY REVOKING THE DEFENDANT-APPELLANT'S TERM OF SUPERVISED RELEASE.

**Standard of Review**

A "[d]istrict court's decision to revoke supervised release is reviewed by Appellate courts for abuse of discretion." U.S. v. Johnson, 374 Fed. Appx. 434 (4th Cir. 2010)

According to the U.S.S.G. § 7B1.3(a)(2), after finding a Grade C violation, the court has the authority to (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. The Defendant-Appellant contends that the district court abused its discretion by revoking his term of supervised release.

The basis of violation number one was that he failed to tell Officer Barber that he was not going back to live at 7400 Michael Drive within 72 hours of leaving the residence after the incident with his roommate Devondray Barnes. But, the Defendant-Appellant at that time had not established a new residence and all of his belongings remained at 7400 Michael Drive. The Defendant-Appellant notified Officer Barber as soon as he established a stable residence. Even if this Court determines that the Government proved by a preponderance of the evidence that the Defendant-Appellant violated this condition of supervised release, this was a

15

very minor violation caused by the Defendant-Appellant's circumstances of not being able to go back to his residence after an incident had taken place between himself and Mr. Barnes.  The Defendant-Appellant  had to establish a different residence.  He had no choice. It just took several days for that to happen.

The basis of the violation number six was also very minor.  The Defendant-Appellant had to rely on Mr. Barnes to get the full contact information of the landlord.  Officer Barber even testified that he asked Mr. Barnes for the lease information and Mr. Barnes never provided it to him either.  (J.A. 67).  The Defendant-Appellant did provide Officer Barber the name of his employer.  Based on the information received from the Defendant-Appellant, Officer Barber was able to locate the employer and verify the information.  The Defendant-Appellant contends that whether or not he provided all of the contact information is moot because Officer Barber obtained the employment information and verified it.  Based on the nature of the violations, the Defendant-Appellant's term of supervised release should not have been revoked.

## **CONCLUSION**

Defendant-Appellant contends that the Government did not prove by a preponderance of the evidence that he violated the terms of supervised release. Furthermore, his term of supervised release should not have been revoked. For the foregoing reasons, the Defendant-Appellant respectfully urges the Court to reverse the decision of the District Court and allow him to remain on supervised release.

This the 29th day of May, 2013.

s/ Matthew C. Joseph
The Law Office of Norman Butler
725 East Trade Street, Suite 100
Charlotte, North Carolina 28202
Telephone: (704) 335-8686
Fax: (704)332-6213
Email: butlerlawoffice@aol.com

Attorney for Appellant

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 2,744 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Respectfully submitted this 6th day of May, 2013.

<u>/s/ Matthew C. Joseph</u>
Matthew C. Joseph
The Law Office of Norman Butler
725 East Trade Street, Suite 100
Charlotte, North Carolina 28202
Telephone: (704) 335-8686
Fax: (704)332-6213
 Email: butlerlawoffice@aol.com

# <u>CERTIFICATE OF SERVICE</u>

I, Norman Butler, do hereby certify that I have filed the required copies of the foregoing Opening Brief of Appellant with the Clerk, U.S. Court of Appeals for the Fourth Circuit electronically using the Court's CM/ECF system which will send notification of such filing to:

> Ms Amy Ray
> Assistant United States Attorney
> 100 Otis Street
> Asheville, NC 28801
> Email: amy.ray@usdoj.gov

This the 29th day of May, 2013.

> /s/ Matthew C. Joseph
> Matthew C. Joseph
> The Law Office of Norman Butler
> 725 East Trade Street, Suite 100
> Charlotte, North Carolina 28202
> Telephone: (704) 335-8686
> Fax: (704)332-6213
> Email: butlerlawoffice@aol.com

> Attorney for Appellant